UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **THOMAS SINGERMAN** | **CASE NO. 6:19-CV-00952** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **PBC MANAGEMENT INC., ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

<u>**RULING**</u>

Before the Court is a Motion for Partial Summary Judgment filed by Defendants, PBC Management, LLC ("PBC") and FMT Industries, LLC ("Florida Marine"). [ECF No. 50]. Pursuant to the motion, Defendants seek "dismissal of the maintenance portion of the maintenance and cure claim" asserted by Plaintiff, Thomas Singerman. *Id.* Plaintiff opposes the motion. [ECF No. 66]. For the reasons that follow, the motion is DENIED.

**I.**
**BACKGROUND**

This is a suit by Jones Act seaman Thomas Singerman for personal injuries sustained in a workplace accident on July 23, 2016. On that date, Singerman, an employee of PBC, was working as an engineer aboard the M/V CAPT. W.D. NUNLEY when he was ordered to the bow of the vessel to work the headline during a breasting operation.[1] [ECF No. 9 at 2; ECF No. 51-1 at 5]. As Singerman was removing the headline from the H-bit, "the headline came under extreme tension and violently snapped his left radius." [ECF No. 1 at 4, ¶ 10].

---

[1] The vessel was owned by Florida Marine. [ECF No. 9 at 2 n.1].

Singerman filed suit, asserting claims for Jones Act negligence, unseaworthiness, and maintenance and cure. [ECF No. 1]. Defendants filed this motion, arguing they have satisfied their maintenance obligation to Plaintiff, because they paid maintenance to Plaintiff until he reached maximum medical improvement at a rate of $30 per day, later increased to $40 per day, which Defendants assert is "reasonable" as a matter of law. [ECF No. 50-1 at 6-7]. Plaintiff opposes the motion, arguing "the maintenance rate in this case should be in the range of $55.68 and $64.13" per day.[2] [ECF No. 66 at 5].

## II.
### STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

---

[2] In the Complaint, Plaintiff asserts maintenance is owed at a rate of no less than $75.00 per day. [ECF No. 1 at 8, ¶ 18]. However, it appears Plaintiff's counsel now has additional evidence (*i.e.*, Plaintiff's bills and testimony of a forensic accountant) indicating the amount of maintenance he contends is owed is less than that which is set forth in the Complaint.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted). When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).

## III.
## APPLICABLE LAW

When a seaman "becomes ill or suffers an injury while in the service of a vessel," his Jones Act employer owes him an absolute, non-delegable duty to pay a per diem living allowance for food and lodging (*i.e.*, "maintenance") and to pay for the seaman's "medical, therapeutic, and hospital expenses" (*i.e.*, "cure"). *In re 4-K Marine, L.L.C.*, 914 F.3d 934, 937 (5th Cir. 2019). The employer's obligation extends until the seaman reaches maximum medical improvement. *Vaughn v. Atkinson*, 369 U.S. 527, 531 (1962). "Maintenance and cure are due without regard to the negligence of the employer or the unseaworthiness of the ship." *Pelotto v. L & N Towing Co.*, 604 F.2d 396, 400 (5th Cir. 1979). "[A]mbiguities or doubts in the application of the law of maintenance and cure are resolved in favor of the seaman." *Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987) (quoting *Gaspard v. Taylor Diving & Salvage Co.*, 649 F.2d 372, 374, n. 2 (5th Cir. Jul. 1981)); *see also Vaughan* at 532.

"The amount of maintenance to which an injured seaman is entitled is a question of fact." *Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir.1981); *see also McWilliams v. Texaco, Inc.*, 781 F.2d 514, 517–18 (5th Cir.1986); *Tate v. American Tugs, Inc.*, 634 F.2d 869, 870 (5th Cir. 1981); *Matter of LeBeouf Bros. Towing*, LLC, CV 20-1314, 2020 WL 5577843, at *2 (E.D. La. Sept. 17, 2020). "The plaintiff must present evidence to the court that is sufficient to

provide an evidentiary basis for the court to estimate his actual costs." *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 590 (5th Cir.2001). The seaman's burden of production in this regard is "'feather light,' and a court may award reasonable expenses, even if the precise amount of actual expenses is not conclusively proved."[3] *Hall* at 588 (quoting *Yelverton v. Mobile Laboratories, Inc.*, 782 F.2d 555, 558 (5th Cir. 1986)). However, "[i]f the plaintiff presents no evidence of actual expenses, the plaintiff may not recover maintenance." *Hall* at 590.

When an employer receives a claim for maintenance and cure, it is entitled "to investigate and require corroboration of the claim before making payments." *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987), *abrogated on other grounds by Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995), *abrogated by Atlantic Sounding, Inc. v. Townsend*, 557 U.S. 404 (2009). However, if after investigating the claim the employer unreasonably rejects it, the employer becomes liable not only for maintenance and cure but also for any compensatory damages caused by the unreasonable failure to pay maintenance and cure. *Garijak* at 1358; *see also In re 4-K Marine*, 914 F.3d at 938. Further, if the employer's failure to pay maintenance and cure was not only unreasonable but was also willful and wanton, the employer becomes liable for punitive damages and attorney's fees. *Garijak* at 1358; *In re 4-K Marine* at 938. This higher degree of fault has been described as "callous and recalcitrant, arbitrary and capricious, or willful, callous and persistent." *Garijak* at 1358; *see also MNM Boats, Inc. v. Johnson*, 248 F.3d 1139 (5th Cir. 2001).

---

[3] Reasonable costs can be proven in multiple ways—*e.g.*, the seaman's own testimony, proof of the seaman's actual expenditures, expert testimony about the cost of living in the seaman's locale, evidence of maintenance rates negotiated by unions, per diem allowances for seamen in port when the vessel's facilities are unavailable, the cost of food and lodging equivalent to food and lodging on the vessel. *Curry v. Fluor Drilling Servs., Inc.*, 715 F.2d 893, 896 (5th Cir. 1983); *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587–88 (5th Cir. 2001).

## IV.
### ANALYSIS

**A.   Whether Defendants have demonstrated summary judgment is appropriate with regard to Plaintiff's claim for additional maintenance.**

Defendants seek dismissal by summary judgment of Plaintiff's maintenance claim, arguing "the controlling law supports the notion that Florida Marine paid Singerman the appropriate rate of maintenance per day." [ECF No. 50]. Defendants note that Plaintiff "must present evidence to the court that is sufficient to provide an evidentiary basis for the court to estimate his actual costs." [ECF No. 50-1 at 7 (quoting *Hall*, 242 F.3d at 590)].[4] Defendants assert that in this matter, "Singerman has alleged his actual costs in his Complaint but has produced no evidence supporting that he has incurred these costs." *Id.* Defendants then argue that "[c]ourts in the Western District of Louisiana have approved maintenance rates ranging from $20 to $40 per day," and therefore Defendants payment of $30 per day, later increased to $40 per day, is "reasonable" as a matter of law, regardless of Plaintiff's actual expenses. *Id.* at 7-8. Plaintiff opposes the motion, arguing "the maintenance rate in this case should be in the range of $55.68 and $64.13" per day. [ECF No. 66 at 5].

First, the Court notes Plaintiff is not required to prove the amount of maintenance to which he is entitled in his Complaint, as that is an issue for which evidence must be presented to the trier of fact.[5] *Springborn v. Am. Commercial Barge Lines, Inc.*, 767 F.2d 89, 94–95 (5th Cir.1985);

---

[4] Defendants rely heavily on the procedure set forth in *Hall* in support of their argument. [ECF No. 50-1 at 6-8]. However, the procedure discussed in *Hall* is used when a maintenance and cure claim is tried to the bench. Here, Plaintiff has requested that his maintenance and cure claim be tried to a jury, along with his Jones Act and unseaworthiness claims. [ECF No. 1]. *See Fitzgerald v. U. S. Lines Co.*, 374 U.S. 16 (1963) (holding that when a plaintiff asserts claims under both the Jones Act and general admiralty law, the plaintiff's Jones Act right to a jury trial extends to his non-Jones Act admiralty claims).

[5] According to Plaintiff, Defendants did not elicit information regarding Plaintiff's actual expenses during discovery. [ECF No. 66 at 6-7].

*Caulfield v. AC & D Marine, Inc.*, 633 F.2d 1129, 1132 (5th Cir.1981). Second, the cases relied upon by Defendants in support of their argument that $20 to $40 per day is the standard rate of maintenance in the Western District of Louisiana issued between 1985 and 2012. Courts frequently take into account inflation when addressing whether the standard rate for maintenance is adequate in today's dollars. *See e.g. Caulfield v. AC & D Marine, Inc*., 633 F.2d 1129, 1132–33 (5th Cir. 1981). Regardless, where the parties do not stipulate to the standard rate of maintenance, maintenance is an issue for the trier of fact.[6] *Springborn v. Am. Commercial Barge Lines, Inc*., 767 F.2d 89, 94–95 (5th Cir.1985). Third, maintenance awards are calculated by determining "the reasonable cost of food and lodging for a seaman living alone *in the seaman's locality*." *Hall* at 587-88 (emphasis added). Singerman lives in the City of Ponchatoula, which lies within the Eastern District of Louisiana, not the Western District, and therefore the cases relied upon by Defendants have little relevance on this issue. Finally, Plaintiff has submitted documentary evidence of his actual living expenses, which indicate the cost of his lodging (without factoring in

---

[6] "Because the evidence before the court often consists solely of the seaman's testimony, it is common for courts to award a standard per diem." *Yelverton v. Mobile Labs., Inc*., 782 F.2d 555, 558 (5th Cir. 1986). As discussed in *Hall*:

> Since the reasonable cost of food and lodging for a single seaman in an area is an objective standard, "the rate at which maintenance is paid tends to become standardized to reflect the costs of food and lodging in a particular area." The historical tendency towards uniform rates of maintenance has simplified litigation over the reasonable amount of maintenance to the benefit of both shipowner and seaman. Standard rates of maintenance protect the seaman's interest in recovering maintenance without great delay or expense and without disparities between seamen; and it protects the shipowner's interest in predictable obligations and reduced litigation. Uniform rates also reduce the decision costs of courts and the impact of maintenance litigation on the docket.

*Hall v. Noble Drilling (U.S.) Inc*., 242 F.3d 582, 588 (5th Cir. 2001). Nevertheless, a seaman is not required to accept the standard rate of maintenance if he can prove to the trier of fact that he is entitled to a higher rate. *Id.* at 587.

the cost for food) averages between $49.45 and $58.01 per day.[7] [ECF No. 66-1]. Thus, Plaintiff has met his burden of "demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994); *see also Curry v. Fluor Drilling Servs., Inc.*, 715 F.2d 893, 896 (5th Cir. 1983) ("A seaman makes out a prima facie case on maintenance when he proves 'the actual living expenditures which he found necessary to incur during his convalescence.' (quoting *Thomas v. Secretary of Health and Human Services*, 659 F.2d 8, 14 (1st Cir.1981)).

**B.     Whether summary judgment is warranted on Plaintiff's claim for punitive damages.**

Defendants argue the Court should dismiss Singerman's claim for punitive damages because he has presented no evidence showing Defendants were "recalcitrant and acted with bad faith" in the handling of Singerman's claim for maintenance and cure. [ECF No. 50-1 at 10]. Singerman responds that although Defendants acknowledge that the Complaint asserts Defendants have failed to pay Singerman an adequate amount of maintenance, they "did nothing to investigate whether or not his claims for additional maintenance could be supported by evidence." [ECF No. 66 at 6]. Plaintiff continues:

> To be sure, Florida Marine did not direct any form of written discovery to Singerman, or to anyone else, to discover his actual expenses for food and lodging. Furthermore, Florida Marine deposed Singerman for approximately six (6) hours and never once asked him any questions about his actual living expenses - - not one.
>
> With this as the backdrop, Singerman takes the position that not only does Florida Marine owe Singerman additional maintenance, but it is also liable for punitive damages and attorneys' fees, because it failed  - - in the face of - - Singerman's complaint to investigate  - - in any way - - whether or not Singerman might be entitled to additional maintenance. This is so, because Florida Marine became liable for punitive damages when it failed and/or refused to thoroughly investigate Singerman's claim for additional maintenance.

---

[7] An award of maintenance includes "the reasonable cost of food and lodging for a seaman living alone." *Hall v. Noble Drilling (U.S.) Inc.*, 242 F.3d 582, 587 (5th Cir.2001).

*Id.* at 6-7 (citing *Vaughan*, 369 U.S. at 530–31 (seaman was entitled to reasonable attorneys' fees for failure to pay maintenance and cure where Defendants "were callous in their attitude, making no investigation of libellant's claim" and "libellant was forced to hire a lawyer and go to court to get what was plainly owed him under laws that are centuries old"); *Stewart v. S.S. Richmond*, 214 F.Supp. 135 (E.D.La. 1963); *Parker v. Texaco*, 549 F.Supp. 71, 77 (E.D.La. 1982)).

Considering the unresolved material facts set forth in Section IV(A), *supra*, as well as the legal ramifications of these facts, summary judgment on Singerman's claim for compensatory and punitive damages for his employers' alleged willful failure to pay adequate maintenance is inappropriate at this time.

## IV.
### CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by Defendants PBC Management, LLC and FMT Industries, LLC [ECF No. 50] is DENIED.

THUS DONE in Chambers on this 3rd day of August, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE